FILED

08 FEB -1 PM 3:34

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CLERK, U.S. DIST
SOUTHERN DISTRICT OF

FILED

'08 MC 0 0 5 1      SEP 2 8 1999
DEPUTY

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SECURITIES AND EXCHANGE COMMISSION
450 Fifth Street, N.W.
Washington, D.C. 20549,

CASE NUMBER 1:99CV02568

JUDGE: June L. Green

Plaintiff,

DECK TYPE: Civil General

v.

DATE STAMP: 09/28/1999

C.E.C. INDUSTRIES CORPORATION
23 Cactus Garden Drive, F 60
Henderson, NV 89014,

**COMPLAINT**

GERALD H. LEVINE
5204 Coral Glow Court
Las Vegas, NV 89149,

United States District Court
For the District of Columbia
A TRUE COPY 1/29/08
NANCY MAYER WHITTINGTON, Clerk

and

By _____

Deputy Clerk

MARIE A. LEVINE
5204 Coral Glow Court
Las Vegas, NV 89149,

Defendants.

Plaintiff Securities and Exchange Commission alleges:

**SUMMARY**

1.      Defendant C.E.C. Industries Corporation ("CEC") fraudulently overstated

it assets and revenues in public filings and statements concerning the company's fiscal

years ended March 31, 1996 and March 31, 1997.  CEC also has been chronically

delinquent in filing required reports with the Commission since June 1997, and has not

filed any required reports since July 1998. Defendants Gerald H. Levine and Marie A. Levine have been CEC's controlling officers and directors during the relevant time period, and are directly responsible for CEC's fraudulent overstatements of assets and revenues, as well as for CEC's filing delinquencies. They also have published false and misleading information about CEC on the Internet.

2.     By engaging in such conduct, each of the defendants committed securities fraud in violation of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") 15 U.S.C. § 78j(b)], and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]. Defendant CEC also violated the reporting requirements of Exchange Act Section 13(a) [15 U.S.C. § 78m(a)] and Exchange Act Rules 13a-1, 13a-13, and 12b-20 [17 C.F.R. §§ 240.13a-1, 240.13a-13, and 240.12b-20], and the books and records and internal controls requirements of Exchange Act Sections 13(b)(2)(A) and 13(b)(2)(B) [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)]. Defendants Gerald Levine and Marie Levine also violated Exchange Act Section 13(b)(5) [15 U.S.C. § 78m(b)(5)] and Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by knowingly falsifying CEC's books, records, and accounts and by failing to implement a system of internal accounting controls at CEC.

3.     The defendants' securities law violations are ongoing and continuing. Unless enjoined , the defendants are likely to repeat and continue these violations or similar violations.

)                                    )

## JURISDICTION

4.      This Court has jurisdiction pursuant to Securities Act Section 22(a) [15

U.S.C. § 77v(a)] and Exchange Act Sections 21(e) and 27 [15 U.S.C. §§ 78u(e) and

78aa].

5.      The Commission brings this action pursuant Securities Act Sections

20(b) and (d) [15 U.S.C. §§ 77t(b) and (d)] and Exchange Act Sections 21(d) and (e)

[15 U.S.C. §§ 78u(d) and (e)].

6.      The defendants used the means and instrumentalities of interstate

commerce and the mails in connection with the acts and omissions alleged herein,

certain of which occurred within the District of Columbia.

## THE DEFENDANTS

7.      Defendant CEC is a Nevada corporation headquartered in Henderson,

Nevada.  The company has no core business and has no sources of significant recurring

revenue.  CEC's common stock is registered with the Commission pursuant to

Exchange Act Sections 12(b) and 12(g) [15 U.S.C. § 78l(b) and (g)], and traded on the

NASDAQ Small Cap market from February 12, 1987 until August 17, 1995, when it

was delisted for failing to meet NASDAQ's minimum bid price criteria.  CEC's stock

has since traded on the OTC bulletin board.  Nearly half of CEC's outstanding stock is

held by companies controlled by defendants Gerald and Marie Levine.

8.        Defendant Gerald H. Levine, 64, lives in Las Vegas, Nevada and served as president, chief executive officer, and a director of CEC from March 1996 until he resigned from these positions in February 1998.

9.        Defendant Marie A. Levine, 50, also lives in Las Vegas and is Gerald Levine's wife.  She has been the principal financial officer, principal accounting officer, treasurer, secretary, and a director of CEC since March 1996.  After Gerald Levine resigned from his positions with CEC in February 1998, Marie Levine became acting chief executive officer of CEC.

## FIRST CLAIM
### (Against All Defendants for Securities Fraud)

10.        Paragraphs 1 through 9 are realleged and incorporated by reference.

### CEC's Fraudulently Overstated Assets

11.        In or about March 1996, CEC entered into an exchange agreement with O.T.S. Holdings, Inc. ("OTS), a company controlled by Gerald and Marie Levine. Pursuant to the agreement, CEC aquired certain assets from OTS in exchange for giving OTS a controlling interest in CEC's stock, and thereafter Gerald and Marie Levine became CEC's principal officers and directors.  Among other assets, CEC acquired a collection of paintings by an artist named Sky Jones and a quitclaim deed for a parcel of land in Tennessee.

12.        In each of CEC's periodic reports filed with the Commission since the exchange with OTS, CEC's balance sheet has reported these two assets at vastly inflated values.  Together, the two assets represent more than half of the $4.8 million in total

assets reported in CEC's most recent periodic report filed with the Commission. Specifically, CEC has reported a value of $1.7 million for its collection of Sky Jones paintings, and a value of $800,000 for its parcel of Tennessee land, which, according to CEC's public filings and statements, contains valuable coal and timber reserves. In truth, however, these assets have no more than nominal value.

13.    In or about December 1996, CEC entered into an exchange transaction through which it acquired shares of contractually restricted stock in a company called Synfuel Technologies, Inc. in exchange for a vacant parcel of land CEC owned in Las Vegas. In CEC's periodic reports filed with the Commission since acquiring this stock, CEC has falsely characterized the stock as "free trading shares," "trading securities," and "marketable securities," and its balance sheet has reported this asset at vastly inflated values. Specifically, CEC reported this asset at a value of $2.7 million as of December 31, 1996, $2.9 million as of March 31, 1997, $1.25 million as of June 30, 1997, $213,625 as of September 30, 1997, and $36,900 as of December 31, 1997. In truth, however, this asset had no more than nominal value at any time during the relevant period.

14.    During the relevant period, Gerald Levine and Marie Levine were responsible for preparing, signing, and filing CEC's periodic reports with the Commission. Throughout the relevant period, they knew, or were reckless in not knowing, that the values reported by CEC for the foregoing assets were materially overstated.

CEC's Fraudulently Overstated Revenues

15.    For its fiscal year ended March 31, 1996, CEC reported total revenues of $1.2 million, substantially all of which it recognized from an asset exchange transaction with a related party.  In the transaction, CEC transferred a parcel of vacant land in Utah to the related party in exchange for a promissory note collateralized by CEC preferred stock that was owned by the related party.  CEC received no down payment, nor had any reasonable basis to think the related party had the ability to pay for the land.  Recognition of revenue under such circumstances was not in conformity with generally accepted accounting principles, and thus substantially all of CEC's reported revenue for its fiscal year ended March 31, 1996 was fraudulently overstated.

16.    For its fiscal year ended March 31, 1997, CEC reported total revenues of $5.9 million, substantially all of which it recognized from two transactions.  First, CEC recognized $5 million in revenue from the exchange transaction (described above) through which it acquired restricted stock in Synfuel Technologies, Inc. in exchange for a vacant parcel of land in Las Vegas.  Because CEC assigned a fraudulently overstated value to the Synfuel stock it acquired, and because this transaction was not part of CEC's ongoing major or central operations, recognition of revenue from this transaction was fraudulent and not in conformity with generally accepted accounting principles.

17.    Substantially all of CEC's remaining revenue for its 1997 fiscal year was recognized on a transaction CEC misleadingly described as a "sale" of land in Nevada. CEC was in default on its $935,000 mortgage debt in connection with the property, and

6

the lender accepted a "deed in lieu of foreclosure" on the property. Recognition of revenue under such circumstances was not in conformity with generally accepted accounting principles, and thus substantially all of CEC's reported revenue for its fiscal year ended March 31, 1997 was fraudulently overstated.

18.    During the relevant period, Gerald Levine and Marie Levine were actively involved in the transactions described above and in CEC's accounting for such transactions, and were responsible for preparing, signing, and filing CEC's periodic reports with the Commission. Throughout the relevant period, they knew, or were reckless in not knowing, that the revenues recognized and reported by CEC from these transactions were materially overstated.

The Levines' Misleading Internet Site

19.    From in or about February 1997 through in or about March 1998, Gerald and Marie Levine operated an Internet website called "Time to Buy" (www.timetobuy.com), which purported to "profile" several "undervalued" companies in a manner designed to create the impression that the profiles were based on objective and disinterested analysis. CEC was one of the companies profiled on the website, although the website included no disclosure that it was operated by Gerald and Marie Levine, nor any other indication that the profile of CEC was anything other than objective and disinterested. In its profile of CEC, the website repeated much of the false and misleading information contained in the company's periodic filings about CEC's major assets, including information about CEC's Sky Jones art collection and Tennessee land.

7

20.     Gerald Levine and Marie Levine knew or were reckless in not knowing that the content of the information they published about CEC on their "Time to Buy" website, as well as the manner in which it was presented without any disclosure of their involvement with the website, was materially false and misleading.

21.     During the relevant period, CEC's common stock traded on the OTC bulletin board and the company frequently issued shares of its stock as compensation for professional services and as consideration for certain assets and subsidiaries it acquired or purported to acquire.

22.     By reason of the foregoing, defendants CEC, Gerald Levine, and Marie Levine have violated and are continuing to violate Securities Act Section 17(a), Exchange Act Section 10(b), and Exchange Act Rule 10b-5.

### SECOND CLAIM
### (Against All Defendants for Falsified Books and Records and Deficient Internal Accounting Controls)

23.     Paragraphs 1 through 22 are realleged and incorporated by reference.

24.     Throughout the relevant period, CEC has had no discernible system of internal accounting controls. Moreover, due to the fraudulent overstatement of CEC's assets and revenues as described above, CEC's books, records, and accounts have not accurately and fairly reflected CEC's transactions or the disposition of its assets during the relevant period. As CEC's principal officers during the relevant period, Gerald and Marie Levine knowingly failed to implement a system of internal accounting controls at CEC and knowingly falsified the company's books, records, and accounts.

25.    By reason of the foregoing, defendant CEC has violated and is continuing to violate Exchange Act Section 13(b)(2), and defendants Gerald Levine and Marie Levine have violated and are continuing to violate Exchange Act Section 13(b)(5) and Exchange Act Rule 13b2-1.

## THIRD CLAIM
### (Against CEC for Failing to File Timely and Accurate Periodic Reports)

26.    Paragraphs 1 through 25 are realleged and incorporated by reference.

27.    Throughout the relevant period, CEC has been subject to the periodic reporting requirements imposed by the Exchange Act on companies having securities registered with the Commission. As described elsewhere in this complaint, the periodic filings made by CEC during the relevant period have been materially inaccurate.

28.    In addition, beginning with its annual report on Form 10-K for the fiscal year ended March 31, 1997, CEC has been delinquent in filing each of the periodic reports it is required to file with the Commission. CEC has filed no periodic reports since July 8, 1998, when it filed its quarterly report on Form 10-Q for the fiscal quarter ended December 31, 1997. The following table summarizes CEC's filing delinquencies:

| FORM | PERIOD ENDED | DATE DUE | DATE FILED | DAYS LATE |
|------|--------------|----------|------------|-----------|
| 10-K | 3/31/97 | 6/30/97 | 8/13/97 | 44 days |
| 10-Q | 6/30/97 | 8/14/97 | 11/14/97 | 92 days |
| 10-Q | 9/30/97 | 11/14/97 | 2/4/98 | 82 days |
| 10-Q | 12/31/97 | 2/13/98 | 7/8/98 | 145 days |
| 10-K | 3/31/98 | 6/30/98 | Not yet filed | |
| 10-Q | 6/30/98 | 8/14/98 | Not yet filed | |
| 10-Q | 9/30/98 | 11/14/98 | Not yet filed | |
| 10-Q | 12/31/98 | 2/16/99 | Not yet filed | |
| 10-K | 3/31/99 | 6/30/99 | Not yet filed | |
| 10-Q | 6/30/99 | 8/16/99 | Not yet filed | |

28.     By reason of the foregoing, CEC has violated and is continuing to violate Exchange Act Section 13(a) and Exchange Act Rules 12b-20, 13a-1, and 13a-13.

### RELIEF REQUESTED

WHEREFORE, the Commission respectfully requests that this Court enter a judgment that:

(a)     enjoins defendant CEC from violating Securities Act Section 17(a), Exchange Act Sections 10(b), 13(a), and 13(b)(2), and Exchange Act Rules 10b-5, 12b-20, 13a-1, and 13a-13;

(b)     orders defendant CEC to restate its financial statements for its fiscal years ended March 31, 1996 and March 31, 1997 (including all affected quarterly financial statements within those fiscal years), and for its fiscal quarters ended June 30, 1997, September 30, 1997, and December 31, 1997;

(c)     orders defendant CEC to become current in its periodic reporting by filing forthwith complete and accurate periodic reports for all periods subsequent to its fiscal quarter ended December 31, 1997, and to file all future periodic reports in a timely, complete, and accurate manner;

(d)     enjoins defendants Gerald Levine and Marie Levine from violating Securities Act Section 17(a), Exchange Act Sections 10(b) and 13(b)(5), and Exchange Act Rules 10b-5 and 13b2-1;

(e)     prohibits defendants Gerald Levine and Marie Levine from acting as an officer or director of any issuer that has a class of securities registered pursuant to

Exchange Act Section 12 or that is required to file reports pursuant to Exchange Act

Section 15(d);

     (f)    orders defendants Gerald and Marie Levine to pay appropriate civil

penalties; and

     (g)    grants such other relief as the Court deems appropriate.


Dated: September 28, 1999

 

Paul V. Gerlach, D.C. Bar 366777
Daniel Hurson, D.C. Bar 176115
Gregory Bruch, D.C. Bar 413527
Russell G. Ryan, D.C. Bar 414472
Donna K. Knapton, D.C. Bar 458727

Attorneys for Plaintiff
Securities and Exchange Commission
450 Fifth Street, N.W.
Mail Stop 8-8
Washington, D.C. 20549-0808
202/942-4712 (Hurson)
202/942-9569 (Hurson fax)

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 147159    — SR

# February 01, 2008
# 15:10:43

## Misc. Case

USAO #.: 08MCO051
Amount.:                    $39.00 CK
Check#.: BC#51377

## Total—> $39.00

FROM: SEC V. C.E.C. INDUSTRIES
      MISC. FIL.