



FILED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

08 FEB -1 PM 3: 35

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

'08 MC 0051

| | | |
|---|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | |
| | : | **Civil Action No. 99-02568** |
| **v.** | : | **(HHK/DAR)** |
| | : | |
| | : | |
| | : | |
| **GERALD H. LEVINE, AND MARIE A. LEVINE,** | : | |
| | : | |
| **Defendants.** | | |

**ORDER ON PLAINTIFF'S *EX PARTE* MOTION FOR EMERGENCY RELIEF**
**AND APPLICATION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS**
**SHOULD NOT BE HELD IN**
**CIVIL CONTEMPT**

Plaintiff U.S. Securities and Exchange Commission filed an *Ex Parte* Motion for

Emergency Relief and Application for Order to Show Cause why Defendants Gerald H.

Levine and Marie A. Levine (together "the Levines" or "Defendants") should not be held in

Civil Contempt. The Court, having considered this emergency motion and application, the

related papers submitted by the Commission in support of its motion and application, and

the entire record in this case, is satisfied that the Commission has made a sufficient

showing of entitlement to the relief it seeks.

**I.**

**SHOW CAUSE HEARING FOR CIVIL CONTEMPT FOR FAILURE TO PAY**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants

show cause to this Court at 10:00 a.m. on the 20th day of February, 2008, in Courtroom

27A, E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue NW,

Washington, DC 20001, why this Court should not adjudge them to be in civil contempt of

this Court's Order of Judgment (DE #225) filed on June 6, 2007, requiring Defendants to

pay, on or before July 6, 2007, disgorgement in the amount of $217,358.69 and pay pre-

judgment interest in the amount of $230,325.59.

## II.

## SHOW CAUSE HEARING FOR CIVIL CONTEMPT FOR VIOLATION OF INJUNCTIONS

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants

show cause to this Court at 10:00 a.m. on the 20th day of February, 2008, in Courtroom

27A, E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue NW,

Washington, DC 20001, or as soon thereafter as can be heard, why this Court should not

adjudge them to be in civil contempt of this Court's Order of Judgment (DE #225) filed on

June 6, 2007, restraining and enjoining Defendants from violating Section 10(b) of the

Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated

thereunder, 17 C.F.R. § 240.10b-5, and restraining and enjoining Defendants from violating

Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a).

## III.

## SHOW CAUSE HEARING FOR PRELIMINARY INJUNCTION

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants

show cause to this Court at 10:00 a.m. on the 20th day of February, 2008, in Courtroom

27A, E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue NW,

Washington, DC 20001, or as soon thereafter as can be heard, why a Preliminary Injunction

2

pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be granted against the Defendants, as requested by the Commission.

## IV.

### **EMERGENCY RELIEF**

The Court finds that the Commission has made a sufficient and proper showing in support of the relief granted herein by presenting a *prima facie* case of securities laws violations by the Defendants, and by showing a reasonable likelihood the Defendants will harm the investing public by continuing to violate the federal securities laws if they are not enjoined. The Court also finds good cause to believe that unless immediately restrained and enjoined by Order of this Court, the Defendants will continue to dissipate, conceal or transfer assets which are subject to Orders of this Court. Accordingly, the Motion is **GRANTED**, and

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Defendants, their directors, officers, agents, escrow agents, trustees, servants, employees, attorneys, accountants, and those persons in active concert or participation with them, and each of them, as well as any entities which the Defendants use, act through, operate, manage, control, or consult for, or have a professional, employment or other business relationship with, are hereby restrained and enjoined, until such time as directed by this Court, from further violations of this Court's Order of Judgment (DE #225) filed on June 6, 2007, restraining and enjoining Defendants from violating Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and restraining and enjoining Defendants from violating Section 17(a)

of the Securities Act of 1933, 15 U.S.C. § 77q(a), including, but not limited to, any and all

activities in any way related, directly or indirectly, to the offer or sale, or in connection with

the purchase or sale, of the securities of:

      A.      Any "penny stock" as defined by Section 3(a)(51) of the Securities

Exchange Act of 1934 and Rule 3a51-1 thereunder, without prior notice and approval from

this Court to ensure that such activities are not in further violation of the June 6, 2007

injunction;

      B.      Any stock whose securities are quoted or whose historical trades are

reported on the Pink Sheets, without prior notice and approval from this Court to ensure

that such activities are not in further violation of the June 6, 2007 injunction;

      C.      Any stock whose securities trade on the grey market or the Over the

Counter Bulletin Board (OTCBB), without prior notice and approval from this Court to

ensure that such activities are not in further violation of the June 6, 2007 injunction; and/or

      D.      Biomaxx Systems, Inc. (symbol BMXSF), Evolution Global Capital

Partners, Inc. (symbol EGCA), Green Machine Development Corp. (symbol GMVP),

Avitech LifeSciences, Inc. (symbol AVLF), and Xiiva Holdings, Inc. (symbol XIVAF).

## V.

## ACCOUNTINGS

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants

shall file with the Court and serve upon the Commission, within seven (7) days of the entry

of this Order, a sworn statement and accounting, with complete documentation, covering the

period from December 4, 2006[1] to the present:

---

[1]      The day of the remedies hearing in this matter.

A.    Of all assets, wherever they may be located, held by or in the name of

Gerald H. Levine, Marie A. Levine, Wire to Wire, Inc., The Delaware Escrow Company,

Euro Escrow and/or Public Highway, Inc., or in which any of them, directly or indirectly,

has or had any beneficial interest, or over which any of them maintained or maintains and/or

exercised or exercises control, including, but not limited to: (1) all securities, investments,

funds, real estate, automobiles, jewelry and other assets, stating the location of each; and (2)

any and all accounts, including all funds held in such accounts, with any bank, brokerage or

other financial institution held by, in the name of, or for the benefit of any of them, directly

or indirectly, or over which any of them maintained or maintains and/or exercised or

exercises any direct or indirect control, or in which any of them had or has a direct or

indirect beneficial interest, including the account statements from each bank, brokerage or

other financial institution;

B.    Identifying every account at every bank, brokerage or other financial

institution: (1) over which Gerald Levine or Marie Levine has signatory authority; and (b)

opened by, in the name of, or for the benefit of, or used by, Gerald Levine, Marie Levine,

Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow or Public Highway, Inc.;

C.    Identifying all credit, bank, charge, debit or other deferred payment card

issued to or used by Gerald H. Levine, Marie A. Levine, Wire to Wire, Inc., The Delaware

Escrow Company, Euro Escrow and/or Public Highway, Inc., and each of them, including

but not limited to the issuing institution, the card or account number(s), all persons or entities

to which a card was issued and/or with authority to use a card, the balance of each account

and/or card as of the most recent billing statement, and all statements for the last twelve

months.

D.    Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;

E.    Of all funds received by Gerald H. Levine, Marie A. Levine, Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc., and each of them, in any way related, directly or indirectly, to the sale of the securities of: (1) any "penny stock" as defined by Section 3(a)(51) of the Securities Exchange Act of 1934 and Rule 3a51-1 thereunder; (2) any stock whose securities are quoted or whose historical trades are reported on the Pink Sheets; (3) any stock whose securities trade on the grey market or the Over the Counter Bulletin Board (OTCBB); and/or (4) Biomaxx Systems, Inc. (symbol BMXSF), Evolution Global Capital Partners, Inc. (symbol EGCA), Green Machine Development Corp. (symbol GMVP), Avitech LifeSciences, Inc. (symbol AVLF), and Xiiva Holdings, Inc. (symbol XIVAF). The submission must clearly identify, among other things, all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds.

F.    Of all persons and entities, wherever located, in any way involved with the offer or sale of the securities of Biomaxx Systems, Inc. (symbol BMXSF), Evolution Global Capital Partners, Inc. (symbol EGCA), Green Machine Development Corp. (symbol GMVP), Avitech LifeSciences, Inc. (symbol AVLF), and Xiiva Holdings, Inc. (symbol XIVAF), including but not limited to all such persons and entities: (1) hired, retained or contracted by Gerald H. Levine, Marie A. Levine, Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc., or any of them, for this purpose; (2) who received compensation from, or shared income or investment proceeds with, Gerald H. Levine, Marie A. Levine, Wire to Wire, Inc., The Delaware Escrow

6

Company, Euro Escrow and/or Public Highway, Inc., or any of them, for activities in any way related to the offer or sale of such securities; (3) who participated in telephone conversations, or who employ, manage, oversee or direct those persons who participated in telephone conversations, with purchasers of the aforementioned securities; and (4) with whom Gerald H. Levine, Marie A. Levine, Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc., or any of them, has or had a business, professional, financial or other relationship.

      G.     Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

      H.     Of all transfers of assets made by any of them.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Gerald Levine, Marie Levine, Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc., and each of them, shall provide to the Plaintiff copies of their federal income tax returns for 2005 and 2006 with all relevant and necessary underlying documentation.

## VI.

## **REPATRIATION OF FUNDS**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants, within seven (7) days of entry of this Order, shall repatriate, and take such steps as are necessary to repatriate, to the territory of the United States of America, any and all assets and funds, held by or in the name of Gerald H. Levine, Marie A. Levine, Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc., or in which any

of them, directly or indirectly, has or had any beneficial interest, or over which any of them

maintained or maintains and/or exercised or exercises control, including but not limited to

any and all assets and funds:

      A.     Held in foreign bank, brokerage or other financial accounts;

      B.     Transferred out of the United States from any account within the territory

of the United States at any point from October 17, 2003[2] to the present; and

      Defendants shall provide to this Court and to the Commission, within ten (10)

days of this Order, a written description of all such funds and assets required to be

repatriated, and the status and location of such funds.

## VII.

### ASSET FREEZE

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, until

otherwise ordered by this Court:

      A.     Defendants, and their agents, servants, employees, attorneys, and those

persons in active concert or participation with any of them, who receive actual notice of

this Order, by personal service or otherwise, and each of them, shall hold and retain

within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance,

assignment, dissipation, concealment or other disposal whatsoever of any funds or other

assets of Defendants presently held by them, under their control or over which they exercise

actual or apparent investment or other authority, in whatever form such assets may presently

exist and wherever located within the territorial jurisdiction of the United States courts,

including but not limited to funds or assets held by, in the name of, for the benefit of, in an

---

[2]      The day after the jury verdict in this matter.

account of, or under the control of, directly or indirectly, Gerald Levine, Marie Levine, Wire

to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc.;

and

        B.      Any bank, brokerage or other financial institution, or any other person or

entity, located within the territorial jurisdiction of the United States courts and holding any

funds or other assets in the name of, for the benefit of, or under the control of, directly in or

indirectly:

- Gerald H. Levine (SSN 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);[3]

- Marie A. Levine (SSN 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);

- Wire to Wire, Inc. (TIN 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);

- The Delaware Escrow Company (TIN:  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);

- Euro Escrow (TIN: 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); and

- Public Highway, Inc. (TIN: 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);

which receives actual notice of this Order by personal service, express courier service,

facsimile transmission or otherwise, including but not limited to the bank, brokerage or other

financial institutions and/or accounts listed below, shall hold and retain within its control

and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other

assets.

---

[3]      The Court orders that for purposes of this Order the redaction requirements of Rule 5.2 of the Federal Rules of Civil Procedure shall not apply. *See* F.R.C.P. 5.2 ("unless the court orders otherwise" personal identifiers are to be redacted).

| **Institution Name** | **Account Name** | **Account Number(s)** |
|---|---|---|
| Regions Bank | The Delaware Escrow Company | 0077601475<br>0077601483<br>0077601491<br>8190199425 |
| Wilshire State Bank | The Delaware Escrow Company | 81-121394<br>81-310492 |
| Bank of America | The Delaware Escrow Company | 004433179850<br>004435955247<br>005490717542<br>005491360244<br>005504859723<br>005504859736<br>005504859749 |
| Nevada State Bank | Euro Escrow | 222006074 |
| Bank of Nevada (formerly Nevada First Bank) | Public Highway, Inc. | 3020001271 |
| Nevada State Bank | Public Highway, Inc. | 162013932 |
| Bank of Nevada | Wire to Wire, Inc. | 3020001073 |
| Nevada State Bank | Wire to Wire, Inc. | 282001106 |

C.  Defendants are prohibited from opening, directly or indirectly, any new accounts with any bank, brokerage, credit card issuer or other financial institution, whether in their own name, or in the name of any other person or entity, without prior notice and approval by this Court.

## VIII.

## APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that until further order of this Court Daniel Newman, Esq. is hereby appointed the Receiver over Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc., their subsidiaries, successors and assigns, and is hereby authorized, empowered and directed to:

A.        Take immediate possession of all property, assets, funds, accounts, and estates of every kind of Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc., wherever located, including but not limited to computers, laptops, hard drives, external storage drives, digital information and data, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidences of debts, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, fixtures, office supplies and equipment, and all real property of Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc., wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court;

B.       To take immediate possession of the offices of Wire to Wire, Inc., The

Delaware Escrow Company, Euro Escrow and Public Highway, Inc., wherever located,

including the premises located at 601 South 10th Street, Suites 106-108, Las Vegas, NV

89101 (and any other suites used, occupied or rented by any of them), including all

computers, laptops, hard drives, external storage drives, digital information and data, and

any other such memory, media or electronic storage devices, emails, books, records,

accounts, and papers, and all other materials, tangible or intangible, in any way relate to the

business, affairs, operations, or activities of any of them.  Upon receiving notice of this

order, Defendants, and all other persons other than law enforcement officials acting within

the course and scope of their official duties, are prohibited from: (1) entering such

premises; (2) removing anything from such premises; or (3) destroying, concealing or

erasing anything on such premises, without the express written permission of the receiver;

C.       To change door locks to the premises identified above, in order to execute the

terms of this order, express and implied.  The receiver shall have exclusive control of the

keys.  Defendants, or any other person acting or purporting to act on their behalf, are

ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall

they have keys in their possession during the term of the receivership.  Entry onto the

premises, or possession of said keys, by the Defendants, without the express written

consent of the receiver, shall constitute a trespass enforceable by the appropriate police

department at the direction of the receiver.

D.       To peaceably enter onto the premises, forthwith, located at 8280 Gila Bend

Way, Las Vegas, NV 89123, to inventory, inspect, take custody of and remove any and all

property, computers, laptops, hard drives, external storage drives, digital information and

data, and any other such memory, media or electronic storage devices, emails, books, records, accounts, and papers, and all other materials, tangible or intangible, in any way related to the business, affairs, operations, or activities of Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc. Defendants shall permit the same forthwith, without excuse or limitation, and are ordered to cooperate with the receiver in this regard. Upon receiving notice of this order, Defendants, and all other persons other than law enforcement officials acting within the course and scope of their official duties, are prohibited from: (1) removing anything from such premises; or (2) destroying, concealing or erasing anything on such premises, without the express written permission of the receiver.

E.     To open all mail directed to or received by or at the offices or post office boxes of Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc., and to inspect such mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandate of the receiver;

F.     To instruct the United States Postmaster to hold, reroute and deliver any and all mail addressed to Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc., or for the benefit of any of them, or in any way related, directly or indirectly, to the business, operations or activities of any of them, as well as all mail delivered to the premises located at 601 South 10th Street, Suites 106-108, Las Vegas, NV 89101 and 8280 Gila Bend Way, Las Vegas, NV 89123, whether addressed in the name of Gerald Levine, Marie Levine, or anyone else, as directed by the receiver. The Postmaster shall not comply with, and immediately report to the receiver, any change of address or instruction by anyone other than the receiver concerning the mail covered herein or the

13

delivery thereof. Defendants are ordered not to open any new mail, and to retain and immediately turn over to the receiver any mail addressed to Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc., or for the benefit of any of them, or in any way related, directly or indirectly, to the business, operations or activities of any of them, whether addressed in the name of Gerald Levine, Marie Levine, or anyone else, regardless of when received. All personal mail of Gerald Levine and Marie Levine, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the receiver, shall be released to the named addressee by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any "private mail box " depository, business or service, or mail courier or delivery service, hired, rented or used by Gerald Levine, Marie Levine, Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc. None of these parties shall open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this order, whether through the U.S. mail, a private mail depository or courier service.

G.      Investigate the manner in which the affairs of Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc. were conducted and institute such actions and legal proceedings, for the benefit and on behalf of investors in Biomaxx Systems, Inc., Evolution Global Capital Partners, Inc., Avitech Lifesciences, Inc., Green Machine Development Corp., and Xiiva Holdings Inc., who sent funds to The Delaware Escrow Company, Euro Escrow and Public Highway, Inc. The Receiver's actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recover and/or avoidance of fraudulent transfers, rescission and restitution, the

collection of debts, and such orders from this Court as may be necessary to enforce this Order;

    H.    Present to this Court a report reflecting the existence and value of the assets of Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc., and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc.;

    I.    Appoint one or more special agents, employ legal counsel, actuaries accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business of Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc., and exercising the power granted by this Order, subject to approval by this Court at the time the Receiver accounts to the Court for such expenditures and compensation;

    J.    Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including but not limited to, the United States Marshal's service or a private security firm;

    K.    Defend, compromise or settle legal actions, including the instant proceeding, in which Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc. or the Receiver are a party, commenced either prior to or subsequent to this Order, with authorization of this Court; except, however, in actions where Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc. are nominal parties, as in certain foreclosure actions where the action does not effect a claim against or

adversely affect the assets of Wire to Wire, Inc., The Delaware Escrow Company, Euro
Escrow and/or Public Highway, Inc., the Receiver may file appropriate pleadings in the
Receiver's discretion.  The Receiver may waive the attorney-client or other privilege held
by Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway,
Inc.;

L.      Assume control of, and be named as exclusive authorized signatory for, all
accounts at any bank, brokerage or other financial institution which has possession, custody
or control of any assets or funds, wherever situated, of Wire to Wire, Inc., The Delaware
Escrow Company, Euro Escrow and Public Highway, Inc., and, upon, order of this Court,
of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary; and
to close any and all credit, debit, bank or other deferred payment cards issued to or used by
Gerald H. Levine, Marie A. Levine, Wire to Wire, Inc., The Delaware Escrow Company,
Euro Escrow and/or Public Highway, Inc.;

M.      Make or authorize such payments and disbursements from the funds and assets
taken into control, or thereafter received by the Receiver, and incur, or authorize the
incurrence of, such expenses and make, or authorize the making of, such agreements as
may be reasonable, necessary, and advisable in discharging the Receiver's duties;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, in connection
with the appointment of the Receiver provided for above:

N.      Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public
Highway, Inc. and all their directors, officers, agents, employees, attorneys, attorneys-in-
fact, shareholders, and other persons who are in custody, possession, or control of any
assets, books, records, or other property of any of them, shall deliver forthwith upon
demand such property, monies, books and records to the Receiver, and shall forthwith grant

16

to the Receiver authorization to be a signatory as to all accounts at bank, brokerage or other financial institution which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of them;

O.    Gerald H. Levine and Marie A. Levine, in their representative capacity as principals, agents, officers, directors, employees, or consultants of Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc., shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at bank, brokerage or other financial institutions which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc.; and shall otherwise fully cooperate with the Receiver in the course and scope of his or her authority an duties as Receiver;

P.    All bank, brokerage or other financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of, directly or indirectly, Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc. shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

Q.    Unless authorized by the Receiver, Gerald H. Levine, Marie A. Levine, Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc. and their principals shall take no action, nor purport to take any action, in the name of Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc.;

R.    Gerald H. Levine, Marie A. Levine, Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc., and their principals, respective

officers, agents, employees, attorneys, and attorneys-in-fact, shall cooperate with and assist the Receiver, subject to any applicable privileges, including if deemed necessary by the Receiver, appearing for deposition testimony upon three (3) business days' notice (by facsimile), and producing documents upon three (3) business days' notice, while the Commission's request for an asset freeze is pending.  Gerald H. Levine, Marie A. Levine, Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc. and their principals, respective officers, agents, employees, attorneys, and attorneys-in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises and choses in action described above;

S.      The Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by, in the name of, in the possession or control of, or which may be received by Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc.; or recovered by the receiver for any of them, said amount of compensation to be commensurate with their duties and obligations under the circumstances, subject to approval of the Court;

T.      During the period of receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc.;

18

U.    The Receiver is fully authorized to proceed with any filing the Receiver may deem appropriate under the Bankruptcy Code as to Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc.;

V.    Title to all property, real or personal, all contracts, rights of action and all books and records of Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc. and their principals, wherever located within or without this state, is vested by operation of law in the Receiver;

W.    Upon request by the Receiver, any company telephone services to Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc. shall provide a reference of calls from any number presently assigned to Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc. to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership;

X.    Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc. shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver;

Y.    The United States Postal Service is directed to provide any information requested by the Receiver regarding Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc., and to handle future deliveries of the mail of Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc. as directed by the Receiver;

Z.    No bank, brokerage or other financial institution, or any other person or entity shall, exercise any form of set-off, alleged set-off, lien, or any form of self-help

whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

AA.    No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence or greater, the Receiver shall not be liable for any loss or damage incurred by Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc. or by the Receiver's officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities;

BB.    Service of this Order shall be sufficient if made upon Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc. and its principals by facsimile or overnight courier;

CC.    In the event the Receiver discovers that funds of persons who have invested in Biomaxx, Evolution, Avitech, Green Machine, Xiiva have been transferred to other persons or entities besides Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc., the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds;

DD.    Immediately upon entry of this Order, the Receiver may take depositions upon oral examination of parties and non-parties subject to three (3) business days' notice. In addition, immediately upon entry of this Order, the Receiver shall be entitled to serve interrogatories, requests for the production of documents and requests for admissions. The parties shall respond to such discovery requests within three (3) business days of service. Service of discovery requests shall be sufficient if made upon the parties by facsimile or overnight courier. Depositions may be taken by telephone or other remote electronic means.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the temporary receiver and all persons who may be engaged or employed by the temporary receiver to assist him in carrying out his duties and obligations hereunder shall not be liable for any act or omission of the temporary receiver or such person, respectively, or any of their partners, employees, or agents, unless it shall be proven that the temporary receiver or such other person in bad faith acted or omitted to act. This provision shall apply to claims based on conduct during the term of any agreement that may be entered into between the temporary receiver and any other person who may be engaged or employed by the temporary receiver hereunder, even if such claims are filed after the termination of any such agreement.

## IX.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that:

A.   Immediately upon entry of this Order, the parties may take depositions upon oral examination of parties and non-parties subject to three (3) business days' notice. Should any Defendant fail to appear for a properly noticed deposition, that party may be prohibited from introducing evidence at the hearing on Contempt and the Commission's request for a preliminary injunction;

B.   Immediately upon entry of this Order, the parties shall be entitled to serve interrogatories, requests for production of documents, requests for admissions, and subpoenas. The parties and non-parties shall respond to such discovery requests within three (3) business days of service;

C.   All responses to the Commission's discovery requests shall be delivered to Fred L. Block, U.S. Securities and Exchange Commission, Mail Stop Number 4030,100 F Street

N.E., Washington, D.C. 20549, by the most expeditious means available; and

D.      Service of discovery requests shall be sufficient if made upon the parties by email, facsimile or overnight courier, and depositions may be taken by telephone or other remote electronic means.

## X.

## PRESERVATION OF DOCUMENTS AND EVIDENCE

**It is further ordered** that, until otherwise directed by the Court, Gerald H. Levine, Marie A. Levine, Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc., and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, be and thereby are restrained and enjoined from, directly or indirectly, altering, destroying, mutilating, concealing, covering up, falsifying, or making a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, including but not limited to any of the computer files or documents, emails, or other data or information stored digitally, electronically or magnetically, books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Gerald H. Levine, Marie A. Levine, Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc. wherever located, as well as any and all matters in any way relating to or covered by this order, express or implied, until further Order of this Court.

## XI.

### RESULT OF FAILURE TO OBEY THE COURT'S ORDER

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants'

failure to comply with this Order, including their failure to appear at the hearing set forth

above, may result in the issuance of a warrant for their arrest.

## XII.

### JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court

shall retain jurisdiction over this matter and the Defendants in order to implement and carry

out the terms of all Orders that may be entered and/or to entertain any suitable application

or motion for additional relief within the jurisdiction of this Court, and will order other

relief that this Court deems appropriate under the circumstances.

**SO ORDERED** this 17th day of January, 2008.

Henry H. Kennedy, Jr.
United States District Court Judge

**Copies to:**

Counsel to the SEC
Fred L. Block
U.S. Securities and Exchange Commission
Mail Stop #4030
100 F Street, NE
Washington, DC 20549
(202) 551-4919
blockf@sec.gov

**ECF
DOCUMENT**
I hereby attest and certify that this is a printed copy
of a document which was electronically filed with the
United States District Court for the District of Columbia.
Date Filed: ___1/17/2008___
NANCY MAYER WHITTINGTON, CLERK
By:_____

<u>Counsel to the Defendants</u>
Mark Dzarnoski
Gordon & Silver, Ltd.
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, NV 89109
mdzarnoski@gordonsilver.com
mdzarnoski@att.net